Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
2. All parties have been correctly designated, and there is no question as to misjoinder or non joinder of parties.
3. Plaintiffs alleged date of injury is July 17, 1996.
4. On July 17, 1996, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
5. On July 17, 1996, an employer-employee relationship existed between the parties.
6. US Airways, Inc. is self-insured. Sedgwick Claims Management Services is the administering agent.
7. Plaintiffs average weekly wage is sufficient to yield the maximum compensation rate applicable.
8. The parties stipulated into evidence, without need for further authentication or verification, I.C. Forms 33, 33R, 33 (Amended) and 19.
9. The parties stipulated into evidence as Stipulated Exhibit 1, without need for further authentication or verification, Plaintiffs Answers to Interrogatories.
10. Plaintiff presented claims for both an injury by accident or in the alternative occupational disease. On June 7, 1999, plaintiff withdrew the portion of his claim related to an occupational disease.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was a 37-year-old male, born August 14, 1961. He had been employed by defendant-employer since January 1982 and prior to that had been employed with Piedmont.
2. On July 17, 1996, plaintiff was employed with defendant-employer as a customer service/ramp agent. This job required that he work three days per week in operations dealing with computers and weights and two days per week loading and unloading aircraft.
3. In the loading and unloading of aircraft, plaintiff was required to load and unload mail, freight and passenger luggage. The weights loaded by plaintiff ranged from one to five pounds up to 350 or 400 pounds. Packages would be different sizes and types including mail sacks. Plaintiff habitually moved post office sacks. These sacks were weighed by post office and the actual weight is attached to the outside of the sack. However, there is no way to know how much each sack weighs until it is picked up because the weights are printed on small tags. It is not unusual that a mailbag would be overweight and that plaintiff would be unaware of that fact until he picked up the bag. For the five years prior to July 17, 1996 staffing rates at defendant-employer varied from day to day, and defendant-employer had been understaffed with significant amounts of overtime offered to employees.
4. On July 17, 1996, plaintiff and his supervisor were unloading a Fokker F28 aircraft. Plaintiff and his supervisor were not using a belt to unload that aircraft as it was the regular practice not to use a belt unloading that aircraft for safety reasons because it placed an additional strain on the person inside the aircraft.
5. On July 17, 1996, Mr. Drda, plaintiffs supervisor, was inside the hold of the aircraft and plaintiff was at the rear of the aircraft on the ground taking packages down. As plaintiff reached to pull a mail sack down and turned to put it on the ground, he felt a sharp pain in his right shoulder.
6. Thereafter, plaintiff sought medical treatment and ultimately underwent arthroscopic surgery on November 25, 1997 for a posterior-superior labral tear. This condition was caused by the incident with the mailbag on July 17, 1996.
7. On July 17, 1996, plaintiff was performing his normal job duties in the normal manner when he injured his right shoulder. Plaintiff was performing his normal motion as he lifted the mailbag and turned. Though the mailbag was heavier than he anticipated, plaintiff never knew the weight of any mailbag until he picked the bag up and mailbags often varied in weight and were heavier than they should be. Plaintiffs job typically required him to handle mailbags of various unknown weights. Plaintiff was not using a belt loader to unload the Fokker F28 airplane on July 17, 1996, however, approximately 75% of the time a belt loader was not used on this aircraft. In fact it was more unusual to use a belt loader on this aircraft than not to use one.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
On July 17, 1996, plaintiff did not sustain an injury by accident arising out of and in the course and scope of his employment with defendant-employer in that his injury occurred under normal working conditions while he was performing his regular duties in the usual and customary manner. Plaintiffs activities had become a part of his normal work routine and his injury was not a result of an interruption of the work routine and is not an injury by accident. N.C.G.S 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim for compensation must under the law be, and the same is hereby, DENIED.
2. Each side shall bear its own cost.
This ___ day of November 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER